IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Stanford Lance Weaver, <br><br> Plaintiff, <br><br> v. <br><br> David Steiner, *Postmaster General USPS* <br><br> Defendant. | Case No.: 0:25-cv-904-SAL-PJG <br><br><br> **ORDER** |

Plaintiff Stanford Lance Weaver, proceeding pro se, filed this action asserting claims under Title VII of the Civil Rights Act of 1964 ("Title VII"); 42 U.S.C. § 1981; and the Fair Labor Standards Act of 1938 ("FLSA"). Before the court is a motion to dismiss filed by Defendant David Steiner, Postmaster General of the United States Postal Service. [ECF No. 36.] Defendant seeks dismissal of two of Weaver's Title VII claims as well as Weaver's claim brought under 42 U.S.C. § 1981. *See* ECF No. 61. United States Magistrate Judge Paige J. Gossett reviewed this case pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) and issued a Report and Recommendation ("Report"), recommending Defendant's motion be granted. *Id.* As stated in the Report, some of Plaintiff's Title VII claims are barred for failure to exhaust administrative remedies. *Id.* at 3–4. Plaintiff's claims brought under § 1981 are also barred because federal employees' remedies for employment discrimination are exclusively provided by Title VII. *Id.* at 4 (citing *Stewart v. Johnson*, 125 F. Supp. 3d 554, 559 (M.D.N.C. 2015)). Attached to the Report was a notice advising the parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. *Id.* at 6. Neither party has objected, and the time for doing so has expired.

1

The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a de novo determination of only those portions of the Report that have been specifically objected to, and the court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). Absent objections, the court is not required to provide an explanation for adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

After reviewing the Report, the applicable law, and the record of this case in accordance with the above standard, the court finds no clear error, **ADOPTS** the Report, ECF No. 61, and incorporates it by reference. As a result, Defendant's motion to dismiss, ECF No. 36, is granted. Plaintiff's claim based on acts not covered in his Equal Employment Opportunity charge and his claims brought under 42 U.S.C. § 1981 are dismissed **WITH PREJUDICE**. Plaintiff's Title VII "Non-Selection Claim" and his claim pursuant to the FLSA may proceed. This matter remains referred to the magistrate judge.

**IT IS SO ORDERED.**

February 6, 2026　　　　　　　　　　　　　　　　Sherri A. Lydon
Columbia, South Carolina　　　　　　　　　　　United States District Judge